UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| NBCUNIVERSAL MEDIA, LLC AND BRAVO MEDIA, LLC | CIVIL ACTION NO. 12-3055 |
| Plaintiffs, | SECTION "    " |
| VERSUS | JUDGE |
| LISA SYLVESTER AND EN V US, LLC | MAGISTRATE |
| Defendants. | |

**COMPLAINT FOR INJUNCTIVE RELIEF,
DECLARATORY RELIEF AND DAMAGES**

Plaintiffs NBCUniversal Media, LLC and Bravo Media, LLC file this Complaint for injunctive relief, declaratory relief and damages against Lisa Sylvester and her company En V Us, LLC.  In support of this Complaint, Plaintiffs respectfully state as follows:

**I.  PARTIES, JURISDICTION & VENUE**

1.    Plaintiff NBCUniversal Media, LLC ("NBC") is a Delaware limited liability company with its principal place of business in New York, New York.

2.    Plaintiff Bravo Media, LLC, which operates as a subsidiary of NBC, is a Delaware limited liability company with its principal place of business in New York, New York.

3.    Upon information and belief, defendant Sylvester is an individual of the full age of majority and a citizen of the State of Louisiana, who resides or conducts business operations within this judicial district, and is the sole owner of defendant En V Us.

4.    Defendant En V Us is a Louisiana limited liability company with its principal place of business in Kenner, Louisiana.

5.      The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. § 1121(a) which provides original jurisdiction for all actions arising under the Lanham Act.  This Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391 because Sylvester and En V Us reside in this judicial district, are subject to personal jurisdiction in this judicial district at the time of the commencement of this action, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## II.  FACTUAL BACKGROUND

7.      NBC is one of the world's largest television and media companies, producing content for a variety of media, including both broadcast and cable television, DVD, and Internet, and offering related merchandise for sale worldwide.

8.      The Bravo cable television network, which is currently available in more than 95 million homes in Louisiana and nationwide, is known for having transformed the reality television landscape with its multiple critically acclaimed series, including the Emmy Award-winning "Top Chef," Emmy-nominated "Inside the Actors Studio," and "The Real Housewives" franchise.

9.      The Real Housewives franchise is a collection of reality television programs, each of which features a group of wealthy women in a specific city.  The Real Housewives television programs have aired continuously, worldwide, since 2006, and are consistently among television's most-watched programs.

10.     Plaintiffs promote each Real Housewives program by using THE REAL HOUSEWIVES mark, together with the name of the city in which the program is set.

1112667v2

11.     Bravo is the exclusive owner of the famous, federally registered trademark THE REAL HOUSEWIVES.   Bravo owns all rights in and to the United States trademark registrations listed below for its family of THE REAL HOUSEWIVES marks, each of which is valid and subsisting, uncancelled and unrevoked:

| Reg. No. | Mark | Registration Date | Class |
|---|---|---|---|
| 3854603 | THE REAL HOUSEWIVES | September 28, 2010 | IC 025; US 022, 039: CLOTHING, FOOTWEAR, AND HEADWEAR, NAMELY, T-SHIRTS, SWEATSHIRTS, SWEATPANTS, LOUNGE WEAR, LINGERIE, ACTIVE WEAR, NAMELY, JACKETS, TRACK PANTS, AND TANK TOPS, SHIRTS, SHORTS, PANTS, AND HATS. |
| 3854601 | THE REAL HOUSEWIVES | September 28, 2010 | IC 009; US 021, 023, 026, 036, 038: PRE-RECORDED DVDS FEATURING TELEVISION PROGRAMMING OR OTHER ENTERTAINMENT PROGRAMMING RELATING TO A REALITY TELEVISION SERIES ABOUT WEALTHY WIVES; DOWNLOADABLE RING TONES; INTERACTIVE VIDEO AND COMPUTER GAME PROGRAMS; AND SUNGLASSES. |
| 3744137 | THE REAL HOUSEWIVES | February 2, 2010 | IC 041; US 100, 101, 107: ENTERTAINMENT SERVICES IN THE NATURE OF A SERIES OF ON-GOING REALITY-BASED TELEVISION PROGRAMS ABOUT WEALTHY WIVES; ENTERTAINMENT SERVICES, NAMELY, PROVIDING AN INTERNET WEBSITE PORTAL FEATURING INFORMATION RELATED TO A REALITY TELEVISION SERIES AND ITS PARTICIPANTS; AND PROVIDING NON-DOWNLOADABLE TELEVISION PROGRAMS AND ENTERTAINMENT PROGRAMMING RELATED TO A REALITY SERIES AND ITS PARTICIPANTS ONLINE VIA A GLOBAL COMPUTER NETWORK |

Copies of each of Bravo's federal trademark registrations for THE REAL HOUSEWIVES mark are attached hereto, *in globo*, as Exhibit A.

12.     Bravo also has filed federal trademark intent-to-use applications for THE REAL HOUSEWIVES MARK in the following classes:

- IC 033. US 047 049. G & S: wine

- 3 -

- IC 018. US 001 002 003 022 041. G & S: Knapsacks, tote bags, all purpose sport bags, gym bags, handbags and shoulder bags, and luggage

- IC 014. US 002 027 028 050. G & S: Watches, bracelets, charms, earrings, and necklaces

- IC 003. US 001 004 006 050 051 052. G & S: Non-medicated lip balm, lip gloss, lipstick, beauty masks, body cream, body oil, cologne, perfume, toilet water, hair shampoo, hair conditioner, hand and body lotion, hand and body cream, skin cream, skin toner, sun block preparations, sun screen preparations, makeup kits consisting of eye shadow, blusher and makeup foundation; eye cream, eye makeup, eye makeup remover, rouge, cosmetic pencils, eye shadow, eyebrow pencils, eyeliner, face powder, mascara, facial scrubs, foundation makeup, facial soap and hand soap

Copies of each of Bravo's federal trademark intent-to-use applications for THE REAL HOUSEWIVES mark are attached hereto, *in globo*, as Exhibit B.

13.     THE REAL HOUSEWIVES trademark portfolio includes registrations that have been in full force and valid since 2010, for marks Plaintiffs have used in commerce since 2006.

14.     Plaintiffs have consistently used THE REAL HOUSEWIVES mark in connection with their business, and have expended substantial sums in advertising and promoting their "The Real Housewives" television franchise not only nationally but also around the world, including print advertisements, event marketing, promotional merchandise, internet marketing through commercial and social media sites, and other ways customary in the trade.

15.     By virtue of Plaintiffs' continuous, extensive and exclusive use, and their marketing and promotion related to "The Real Housewives" television franchise under THE REAL HOUSEWIVES mark, Plaintiffs have established significant goodwill in THE REAL HOUSEWIVES mark and the products associated therewith, and THE REAL HOUSEWIVES mark has acquired secondary meaning and has come to be recognized by the relevant public as

1112667v2

identifying products or services having their origin and otherwise associated exclusively with Plaintiffs.

16.     Also through their extensive use of THE REAL HOUSEWIVES mark, Plaintiffs own common law trademark rights in THE REAL HOUSEWIVES mark for all of the goods they sell and services in which they engage.

17.     Bravo's federal trademark registrations preclude others from using the phrase "The Real Housewives" or similar phrases that would cause a likelihood of confusion with THE REAL HOUSEWIVES trademarks owned by Bravo.

18.     Nonetheless, on or about April 30, 2012, Plaintiffs learned that Defendants are using "The Real Housewives" in connection with the sale of t-shirts and other merchandise. Defendants' use of THE REAL HOUSEWIVES in connection with these goods creates a likelihood of confusion with Bravo and its services, constituting trademark infringement under both federal and state law.

19.     Upon information and belief, on or about October 21, 2011, Defendants obtained Louisiana state trademark registrations for "The Real Housewives of Da Bayou," "The Real Housewives of Kenna," "The Real Housewives of Metry," "The Real Housewives of Nawlins," "The Real Housewives of Da Parish," and "The Real Housewives of Death Valley."

20.     Upon information and belief, on or about January 17, 2012, Defendants obtained Louisiana state trademark registrations for "The Real Housewives of Covington," "The Real Housewives of Mandeville," and "The Real Housewives of the Who Dat Nation" (together with all Defendants' state trademarks, the "Infringing State Trademarks").

1112667v2

21.     The Louisiana Secretary of State's records related to the Infringing State Trademarks indicate that Defendants first used the Infringing State Trademarks in commerce on July 20, 2011.

22.     The Infringing State Trademarks wholly incorporate THE REAL HOUSEWIVES mark.  The Infringing State Trademarks are confusingly similar to Bravo's THE REAL HOUSEWIVES mark, and are likely to cause confusion or mistake, or to deceive the public.

23.     Upon information and belief, given the fact that THE REAL HOUSEWIVES mark is famous and Plaintiffs are known throughout the country as major producers of media content and related merchandise, Defendants were aware of Plaintiffs' business and THE REAL HOUSEWIVES mark prior to their use and the registration of the Infringing State Trademarks, and used the Infringing State Trademarks intentionally to confuse the relevant public into believing that their business is connected or associated with Plaintiffs, to benefit from the relevant public's familiarity with Plaintiffs and THE REAL HOUSEWIVES mark, and to trade on the goodwill and reputation of THE REAL HOUSEWIVES mark.

24.     Moreover, Defendants' later-filed Louisiana state trademarks incorporating THE REAL HOUSEWIVES mark are barred by Bravo's federally registered trademarks.

25.     Plaintiffs have attempted to resolve this dispute amicably by way of both written correspondence and telephone discussions with Sylvester.  On June 29, 2012, again on August 23, 2012, and finally on November 26, 2012, Plaintiffs requested in writing that Defendants:  (1) voluntarily cancel the Infringing State Trademarks; (2) cease and desist selling t-shirts and other merchandise bearing any iteration of the phrase "The Real Housewives;" and (3) remove any marketing material for such merchandise, including photos, from any website

1112667v2

and/or Facebook page.  *See* Cease and Desist Correspondence, attached hereto, *in globo*, as Exhibit C.  Defendants have refused to comply with Plaintiffs' request.

### COUNT 1:  TRADEMARK INFRINGEMENT OF THE
### REAL HOUSEWIVES MARK UNDER 15 U.S.C. §  1114(1)

26.    Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-25 of the Complaint as though fully set forth here.

27.    Defendants' use in commerce of THE REAL HOUSEWIVES trademark is likely to cause confusion or mistake and to deceive.

28.    Defendants' use in commerce of THE REAL HOUSEWIVES trademark is also likely to cause initial interest confusion among the general public.

29.    Defendants' above-described acts constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Bravo to relief.

30.    Defendants have unfairly profited from the infringing actions alleged.

31.    By reason of Defendants' acts, Bravo has suffered damage to the goodwill associated with the REAL HOUSEWIVES mark.

32.    Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Bravo and its federally registered trademarks.

33.    Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the members of the general public who have an interest in being free from confusion, mistake and deception.

34.    Bravo's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Bravo is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

1112667v2

35.     By reason of Defendants' willful acts as alleged herein, Bravo is entitled to recover Defendants' profits, its own damages enhanced up to three times their amount, plus costs of this action under 15 U.S.C. § 1117.

36.     This is an exceptional case, entitling Bravo to an award of attorneys' fees under 15 U.S.C. § 1117.

### COUNT 2:  FALSE DESIGNATION OF ORIGIN OF THE REAL HOUSEWIVES MARK UNDER 15 U.S.C. § 1125(a)

37.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-36 of the Complaint as though fully set forth here.

38.     Defendants' uses in commerce of THE REAL HOUSEWIVES trademark are likely to cause confusion, to cause mistake, or to deceive the relevant public that the goods Defendants offer for sale are authorized, sponsored, approved or affiliated with Bravo.

39.     Defendants' use of THE REAL HOUSEWIVES trademark and name is also likely to cause initial interest confusion among the general public.

40.     Defendants' above-described acts constitute false designation of origin that is likely to cause confusion or mistake and to deceive as to affiliation, connection or association and as to origin, sponsorship or approval, in violation of 15 U.S.C. § 1125(a), entitling Bravo to relief.

41.     Defendants have unfairly profited from the actions alleged.

42.     By reason of Defendants' acts, Bravo has suffered damage to the goodwill associated with the REAL HOUSEWIVES mark.

43.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Bravo and its federally registered trademarks.

1112667v2

44.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the members of the general public who have an interest in being free from confusion, mistake and deception.

45.     Bravo's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Bravo is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

46.     By reason of Defendants' willful acts as alleged herein, Bravo is entitled to recover Defendants' profits, its own damages enhanced up to three times their amount, plus costs of this action, under 15 U.S.C. § 1117.

47.     This is an exceptional case, entitling Bravo to an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT 3: FALSE AND DECEPTIVE ADVERTISING UNDER 15 U.S.C. § 1125(a)

48.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-47 of the Complaint as though fully set forth here.

49.     Defendants' use of the Infringing State Trademark to promote the sale of t-shirts and other merchandise on social networking websites constitutes commercial advertising that misrepresents the nature, characteristics or qualities of Bravo's services and commercial activities and has caused injury to Bravo.

50.     Defendants' above-described acts constitute false and deceptive advertising in violation of 15 U.S.C. § 1125(a)(1), entitling Bravo to relief.

51.     Defendants have unfairly profited from the actions alleged.

52.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Bravo.

1112667v2

53.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the members of the general public who have an interest in being free from misleading representations, mistake and deception.

54.     Bravo's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Bravo is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

55.     By reason of Defendants' willful acts as alleged herein, Bravo is entitled to recover Defendants' profits, its own damages enhanced up to three times their amount, plus costs of this action, under 15 U.S.C. § 1117.

56.     This is an exceptional case, entitling Bravo to an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT 4: TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(d)

57.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-56 of the Complaint as though fully set forth here.

58.     Defendants' use of the Infringing State Trademarks has intentionally created an association with Bravo due to the Infringing State Trademarks' similarity to the famous THE REAL HOUSEWIVES mark, and has impaired the distinctiveness of THE REAL HOUSEWIVES mark.

59.     Defendants' conduct, as described above, constitutes dilution by blurring in violation of 15 U.S.C. § 1125(a)(d), and entitles Bravo to relief.

60.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Bravo and its federally registered trademarks.

1112667v2

61.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the members of the general public who have an interest in being free from confusion, mistake and deception.

62.     Bravo's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Bravo is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

63.     By reason of Defendants' willful acts as alleged herein, Bravo is entitled to recover Defendants' profits, its own damages enhanced up to three times their amount, plus costs of this action, under 15 U.S.C. § 1117.

64.     This is an exceptional case, entitling Bravo to an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT 5: DECLARATORY RELIEF

65.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-64 of the Complaint as though fully set forth here.

66.     For all the reasons discussed above, the Infringing State Trademarks are subject to cancellation.

67.     Pursuant to La. R.S. 51:219, the Louisiana Secretary of State must cancel any Louisiana state trademark registration which a court of competent jurisdiction finds "is so similar, as to be likely to cause confusion or mistake or to deceive, to a mark registered by another person in the United States Patent Office, prior to the date of the filing of the application for registration by the registrant hereunder, and not abandoned," or when a court of competent jurisdiction orders cancellation on any ground whatsoever.

1112667v2

68.     Here, Defendants' unauthorized use of the Infringing State Trademarks falsely suggests that their business is connected with, sponsored by, affiliated with, or related to Plaintiffs, and is likely to cause consumer confusion, to mistake and to deceive.

69.     Plaintiffs have requested in writing, three times, that Defendants cease and desist their infringing activity involving THE REAL HOUSEWIVES mark, but Defendants have refused to do so.  Consequently, there is a justiciable controversy between the parties, and the Company has legally protectable and tangible interests at stake.  The controversy is of sufficient immediacy and reality to warrant declaratory relief.

70.     Thus, Plaintiffs are entitled to a judicial declaration, pursuant to Louisiana Revised Statutes § 51:219, that the Infringing State Trademarks are "so similar, as to be likely to cause confusion or mistake or to deceive," to Plaintiff's THE REAL HOUSEWIVES mark, and must be cancelled.

## COUNT 6:  UNFAIR COMPETITION UNDER LOUISIANA LAW

71.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-70 of the Complaint as though fully set forth here.

72.     Defendants' conduct, as described above, constitutes unfair competition under the law of the State of Louisiana, and entitles Plaintiffs to injunctive relief and recovery of damages against Defendants.

## COUNT 7:  DILUTION UNDER LOUISIANA LAW

73.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-72 of the Complaint as though fully set forth here.

74.     Defendants' conduct, as described above, creates a likelihood of injury to Plaintiffs' business reputation and dilution of the distinctive quality of Bravo's mark in violation of La. R.S. 51:223.1, and entitles Bravo to injunctive relief against Defendants.

1112667v2

## COUNT 8:  LOUISIANA UNFAIR TRADE
## PRACTICES AND CONSUMER PROTECTION ACT

75.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1-74 of the Complaint as though fully set forth here.

76.     Defendants' conduct, as described above, constitutes an unfair method of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of La. R.S. 51:1401-1418.

## II.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs NBCUniversal Media, LLC and Bravo Media, LLC pray that the Court grant them relief as follows:

1.     That the Court enter a judgment that Sylvester and En V Us have:

    (a)     violated the rights of Bravo Media, LLC in THE REAL HOUSEWIVES trademark in violation of 15 U.S.C. § 1114(1);

    (b)     violated the rights of Bravo Media, LLC in THE REAL HOUSEWIVES trademark in violation of 15 U.S.C. § 1125(a)(1)(A);

    (c)     violated the rights of Bravo Media, LLC in THE REAL HOUSEWIVES trademark in violation of 15 U.S.C. § 1125(a)(1)(B);

    (d)     violated the rights of Bravo Media, LLC in THE REAL HOUSEWIVES trademark in violation of 15 U.S.C. § 1125(d);

    (e)     violated the rights of Plaintiffs under the Louisiana law of unfair competition;

    (f)     diluted the rights of Bravo Media, LLC in THE REAL HOUSEWIVES trademark in violation of the Louisiana Anti-Dilution Act, La. R.S. 51:223.1;

    (g)     violated the rights of Plaintiffs under the Louisiana Unfair Trade Practices and Consumer Protection Act, La. R.S. 51:1401-1418;

2.     That the Court enter a judgment declaring that the Infringing State Trademarks are so similar to Bravo Media, LLC's THE REAL HOUSEWIVES mark, which is

1112667v2

registered in the United States Patent Office, valid and subsisting, uncancelled and unrevoked, as to be likely to cause confusion or mistake or to deceive and, accordingly, should be canceled.

    3.    That Defendants be preliminarily and permanently enjoined from the following activities:

        (a)    Using THE REAL HOUSEWIVES trademark, or any other name, mark designation or depiction in a manner that is likely to cause confusion regarding Plaintiffs' affiliations, associations or sponsorships;

        (b)    Infringing or diluting Bravo Media, LLC's marks, unfairly competing with Plaintiffs, falsely designating the origin of goods and services, falsely and deceptively advertising regarding Plaintiffs or any aspect of their business, and misappropriation of Bravo Media, LLC's trademark rights;

    4.    That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above;

    5.    That Defendants be ordered to account to Bravo Media, LLC for and disgorge all profits they have derived by reason of unlawful acts complained of above;

    6.    That Defendants be ordered to pay damages, and that those damages be enhanced up to three times their amount under 15 U.S.C. § 1117;

    7.    That Defendants be ordered to pay Bravo Media, LLC's reasonable attorneys' fees, prejudgment interest and costs of this action under 15 U.S.C. § 1117;

    8.    That Defendants be required to file with this Court and serve Plaintiffs a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by this Court;

1112667v2

9.    That Plaintiffs be awarded all such other relief as may be appropriate.

Respectfully submitted,

*/s/ Lesli D. Harris*
Lesli D. Harris, 28070, T.A.
Abigayle C. Farris, 33547
        Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for NBC Universal/
Bravo Media LLC